**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| CASEY NEWMAN and § <br> STEPHANIE NEWMAN, § <br>  *Plaintiffs* § <br> § <br> v. § <br> § <br> ARENS SERVICES, LLC and § <br> SHANNON ARENS, § <br>  *Defendants* § | CAUSE NO. 1:19-CV-1102-LY |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

**TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE**

Before the Court are Plaintiffs' Motion for Attorneys' Fees and Costs, filed September 16, 2021 (Dkt. 73), and Defendants' Response to Plaintiffs' Motion for Attorneys' Fees and Costs, filed September 28, 2021 (Dkt. 74). On September 29, 2021, the District Court referred the motion to the undersigned Magistrate Judge for report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. Dkt. 75.

## I. Background

Plaintiffs Casey Newman and Stephanie Newman sued Defendants Arens Services, LLC and Shannon Arens, LLC on September 17, 2019 for breach of fiduciary duty under the Employee Retirement Income Security Act of 1974 ("ERISA"). Dkt. 1. On September 2, 2021, the District Court entered a final judgment ordering that Plaintiffs recover judgment against Defendants, jointly and severally, in the amount of $90,084.46 and pre-judgment interest of $8,835.68. Dkt. 71 at 1. In addition, the Court awarded Plaintiffs judgment against Defendants, jointly and severally,

1

for their taxable court costs and reasonable attorney's fees and costs of litigation in an amount to be determined by the Court. *Id.* The Court further ordered that interest accrue at the rate of 0.07% from September 2, 2021, until paid. *Id.* at 2.

Plaintiffs request $39,340 in attorney's fees, $1,502 in costs, and $20,000 in conditional appellate fees. Defendants do not dispute that Plaintiffs are entitled to attorney fees and costs, but object to the size of the requested fee award and ask that it be reduced to $24,975. Dkt. 74 at 1.

## II. Analysis

Courts use the "lodestar method" to calculate an appropriate fee award. *Hobbs v. EVO Inc.*, 7 F.4th 241, 259 (5th Cir. 2021). The lodestar amount is calculated by multiplying the number of hours an attorney reasonably spent on a case by the prevailing hourly rate in the community for similar work. *Id.* There is a strong presumption that the lodestar figure is reasonable. *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010). After calculating the lodestar amount, a court may enhance or decrease the amount of fees based on the factors set forth in *Johnson v. Ga. Highway Exp., Inc.*, 488 F.2d 714, 717 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989).[1] *Shipes v. Trinity Indus.*, 987 F.2d 311, 320 (5th Cir. 1993). The party seeking fees has the burden to show the reasonableness of the hourly rates and hours billed and the exercise of reasonable billing judgment. *See Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 799 (5th Cir. 2006).

---

[1] The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the issues in the case; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee charged for those services in the relevant community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.

**A.   Hourly Rates**

To establish the reasonable hourly rate, the trial court must look to the prevailing market rates in the relevant community. *McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 381 (5th Cir. 2011). It is Plaintiffs' burden "to produce satisfactory evidence, in addition to [their] attorney's affidavit, that the requested rates are in line with those prevailing in the relevant community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Burns v. Nielsen*, No. EP-17-CV-00264-DCG, 2021 WL 534711, at *4 (W.D. Tex. Feb. 12, 2021) (quoting *Wheeler v. Mental Health & Mental Retardation Auth. of Harris Cnty., Tex.*, 752 F.2d 1063, 1073 (5th Cir. 1985)).

Plaintiffs seek an hourly rate of $350 for attorney Bradley J. Reeves. Reeves submitted a declaration in which he states that his billing rate is reasonable, "particularly considering the subject matter of this ERISA-based claim and the complexity of the case from a legal[ ]perspective." Dkt. 73-1 ¶ 10. Reeves states that, before moving from Houston and becoming a solo practitioner in Austin, Texas in August 2019, "I was employed at an AmLaw 100 firm with a standard hourly rate ranging from $550 per hour to $845 per hour, depending on the matter and client." *Id.*; *see also* Dkt. 73 at 3. Reeves states that he has been an attorney since November 2010; thus, he has been in practice for 11 years. Dkt. 73-1 ¶ 1. Reeves alludes to his experience, "particularly involving employment and commercial-based litigation in arbitrations, state, and federal court," but gives no specific information as to his expertise in ERISA claims. Dkt. 73 at 3. Defendants argue that the hourly rate Plaintiffs seek is excessive and ask the Court to award a rate of $250, "which fits the prevailing rates for attorneys of similar skill and experience in this District." Dkt. 74 ¶ 11.

Plaintiffs offer no evidence, such as declarations from local ERISA practitioners, to show that a $350 hourly rate is reasonable in the Austin area. Plaintiffs cite only one case, finding an hourly rate of $400 reasonable for an ERISA claim in the Dallas area. *Chavez v. Stand. Ins. Co.*, No. 3:18-CV-2013-N, 2020 WL 6135701, at *2 (N.D. Tex. Oct. 19, 2020). Defendants also rely on *Chavez*, contending that the attorney in that case has been practicing far longer than Reeves. Dkt. 74 ¶ 8; Dkt. 74-1. In the second case cited by Defendants, a 2013 order from this division, an hourly rate of $400 was reduced to $300 for a "highly accomplished ERISA practitioner" who had been in practice for 22 years. *Id.* ¶¶ 9-10 (citing *Rossi v. Precision Drilling Oilfield Servs. Corp. Emp. Benefits Plan*, No. A-10-CA-841-SS, 2013 WL 12113201, at *4 & n.3 (W.D. Tex. July 26, 2013)).

Because *Rossi* was decided more than eight years ago and Austin and its legal market have experienced tremendous growth since 2013, the Court finds it to be of limited persuasive value. Accordingly, balancing the somewhat dated order in *Rossi* with the facts that Reeves (1) has only half the experience of the counsel in *Rossi* and (2) has failed to establish his ERISA expertise, the Court finds that an hourly rate of $300 is reasonable. *Cf. Am. Acad. of Implant Dentistry v. Parker,* No. AU-14-CA-00191-SS, 2018 WL 401818, at *4 (W.D. Tex. Jan. 11, 2018) (approving hourly rate of $275 in Austin Division for attorney with 11 to 15 years of legal experience); State Bar of Texas 2019 Income and Hourly Rates (reporting median hourly rate of $299 for attorneys in the Austin-Round Rock Metropolitan Statistical Area).[2]

## B. Time Expended

Next, the Court reviews the time records to determine whether the hours expended on the case are reasonable. The reasonable number of hours is determined by eliminating duplicative,

---

[2] The undersigned takes judicial notice of the hourly rates in the State Bar report, available at https://www.texasbar.com/AM/Template.cfm?Section=Demographic_and_Economic_Trends&Template=/CM/ContentDisplay.cfm&ContentID=54950, while recognizing that the Report is not dispositive. *See Am. Acad. of Implant Dentistry*, 2018 WL 401818, at *3.

unproductive, excessive, or otherwise unnecessary hours. *See Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993).

Plaintiffs seek compensation for 112.4 hours of work on this case. Defendants contend that Plaintiffs have submitted 12.5 hours "that are excessive, redundant, or otherwise unnecessary that must be subtracted from the fee award." Dkt. 74 ¶ 17. Specifically, Defendants challenge as excessive 9.3 hours of legal research between August 21 and September 17, 2019. Defendants also challenge the following time as excessive: "0.9 hours to review a one-page response to a settlement demand (May 28, 2020)" and 2.3 hours to review Defendants' proposed findings of fact and conclusions of law, "which largely mirrored Plaintiffs' own proposal," on December 9, 2020. Dkt. 74 ¶ 16. Plaintiffs did not file a reply brief and thus have failed to refute Defendants' arguments that counsel did not exercise reasonable billing judgment. *See Dixie Elec., LLC v. Jarwin*, No. MO:17-CV-00066-RAJ, 2017 WL 8727481, at *3 (W.D. Tex. June 20, 2017). Nonetheless, the undersigned does not find all the challenged hours unreasonable.

Reeves' invoice lists the following four entries comprising legal research through September 17, 2019:

- August 26, 2019 – 1.8 hours: Research regarding ERISA claims potentially available to clients and begin drafting Complaint for same.

- August 26, 2019 – 2.4 hours: Research regarding ERISA claims (1.6) and revise and finalize and file complaint against Defendants.

- September 12, 2019 – 3.2 hours: Research regarding potential claims under ERISA and drafting of Complaint.

- September 17, 2019 – 2.7 hours: Further research regarding claims under ERISA, complete draft of Complaint, and file same.

Dkt. 73-1 at 7. The second time entry for August 26, 2019 appears to be erroneous or duplicative of the previous entry. Therefore, the Court strikes that entry for 2.4 hours. The undersigned also reduces by approximately one-half the challenged entries for May 28, 2020, from .9 to .4 hours

(deducting .5 hours), and the December 9, 2020 entry from 2.3 hours to 1.1 (deducting 1.2 hours), for total deductions of 4.1 hours. The undersigned finds the remaining 108.3 hours Plaintiffs spent on the case to be reasonable.

## C. Computation of the Lodestar Amount

Multiplying 108.3 reasonable hours by the reasonable hourly rate of $300, the lodestar amount is $32,490. The Court finds that the base lodestar amount adequately takes into consideration the *Johnson* factors, and no further adjustment is warranted. *See Saizan*, 448 F.3d at 800.

## D. Costs and Expenses

Federal Rule of Civil Procedure Rule 54(d)(1) states that "costs—other than attorneys' fees—should be allowed to the prevailing party." The District Court determined that Plaintiffs are entitled to an award of their taxable court costs and costs of litigation. Defendants do not oppose the motion for costs. Dkt. 74 at 1 n.1. The undersigned recommends that the District Court award Plaintiffs $1,502 in costs and expenses.

## E. Conditional Appellate Fees

As stated, Plaintiffs request $20,000 in conditional appellate fees in the event that Defendants appeal the District Court's judgment. Although Defendants do not object to an award of conditional appellate fees, the undersigned finds such an award inappropriate at this time because "the amount would be speculative at best." *Edwards v. Aaron Rents, Inc.*, 482 F. Supp. 2d 803, 814 (W.D. Tex. 2006). Pursuant to Rule 4 of the Federal Rules of Appellate Procedure, it appears that the time for Defendants to appeal has expired, and no notice of appeal has been filed. Accordingly, the undersigned recommends that the District Court deny Plaintiffs' request for conditional appellate without prejudice to refiling if such fees are incurred.

### III.  Recommendation

Based on the foregoing, the undersigned **RECOMMENDS** that the District Court **GRANT IN PART** Plaintiffs' Motion for Attorneys' Fees and Costs (Dkt. 73) and award attorneys' fees in the amount of $32,490.00, costs in the amount of $1,502.00, and no conditional appellate fees.

The Court **FURTHER ORDERS** that this case be removed from the Magistrate Court's docket and returned to the docket of the Honorable Lee Yeakel.

### IV.  Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** November 29, 2021.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE